**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————————————————X
:
PATRICK FERRIS, on behalf of himself and all  :
others similarly situated,                    :
                                              :
              Plaintiff,                      : Civil Action No.
                                              :
vs.                                           : **CLASS ACTION COMPLAINT AND**
                                              : **JURY TRIAL DEMAND**
ALAN KAMEL dba LAW OFFICE OF ALAN             :
KAMEL                                         :
                                              :
              Defendant.                      :
                                              :
————————————————————X

Plaintiff PATRICK FERRIS (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant ALAN KAMEL dba LAW OFFICE OF ALAN KAMEL, his employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Monmouth County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant ALAN KAMEL is an attorney doing business as the LAW

OFFICE of ALAN KAMEL with his principle place of business located in Elizabeth, New Jersey.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or been subject to court filings from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action.

- All New Jersey consumers against whom Defendant made an attempt to collect post-judgment interest and/or other amounts in excess of what Defendant was entitled to collect;

- The Class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or

3

thousands of persons who have received debt collection letters and/or been subject to court filings from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard court filing and/or collection letters (*See* **Exhibits A and B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to January 31, 2001, Plaintiff and Susan Ferris allegedly incurred a financial obligation to St. Clare's Hosp/Denville Pathology Assc NW of New Jersey ("St. Claire's") relating to a medical debt ("the Medical Debt.").

17. The Medical Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The alleged medical bill obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. St. Claire's is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to January 31, 2001, St. Claire's either directly or through intermediate transactions assigned, placed or transferred its entire interest in the Medical Debt to Hospital & Doctors Service Bureau ("HDSB").

21. Sometime prior to January 31, 2001, HDSB, either directly or through intermediate transactions assigned, placed or transferred the Medical Debt to the law firm of Samuel J. Weinstein, Esq. ("Weinstein") for purposes of collection.

22. At the time the Medical Debt was assigned, placed or transferred to

HDSB, the Medical Debt was in default.

23. On or about, March 15, 2001, Weinstein filed a lawsuit against Plaintiff on behalf of HDSB entitled <u>Hospital & Doctors Service Bureau v. Susan Ferris & Patrick Ferris</u>, Mon-DC-002526-01 ("the State Court Action") in the Monmouth County Superior Court of New Jersey, Special Civil Part, to recover $10,000.00 related to the Medical Debt.

24. On or about August 30, 2001, HDSB obtained a default judgment against Plaintiff and Susan Ferris in the State Court Action in the amount of $10,270 with a VJ Number 007721-01 ("the State Court Judgment").

25. On or about August 3, 2018, Weinstein substituted out as attorney for HDSB in the State Court Action and Defendant substituted in as attorney of record.

26. On March 13, 2020, Defendant filed a Motion for Summary Judgment to Revive the Judgment pursuant to R 1:6-2 ("Revival Motion I").

27. In support of Revival Motion I, Defendant sought to collect a total due amount of $18,193.73 including interest of $7,718.86.

28. The $7,718.86 amount of interest was in excess of the amount of interest that Defendant was entitled to seek to collect.

29. In support of the amount of post-judgment interest owed, Defendant submitted a Post Judgment Interest Calculator, which indicated that post-judgment interest was calculated pursuant to R.4:42-11(a)(ii). Attached as **Exhibit A** is the Post Judgment Interest Calculator Defendant filed in support of the Revival Motion I.

30. In calculating the amount of post-judgment interest Plaintiff allegedly owed as part of Revival Motion I, Defendant incorrectly used the law division rate rather

7

than the applicable special civil part rate.

31. Additionally, as part of Revival Motion I, in calculating the post judgment interest amount, Defendant failed to calculate the simple interest amount, calculated the incorrect number of days and otherwise assessed more interest in the Revival Motion I, than Plaintiff was obligated to pay.

32. On or about September 22, 2020, the Court denied Plaintiff's Motion for Revival I.

33. On or about, Defendant filed a second motion to Revive the Judgment ("Revival Motion II")

34. In support of Revival Motion II Defendant sought to collect a total due amount of $18,034.44 including interest of $8,034.44.

35. The $8,034.44 amount of interest was in excess of the amount of interest that Defendant was entitled to collect.

36. With respect to Revival Motion II, Defendant submitted a Post Judgment Interest Calculator, indicating that post-judgment interest was calculated pursuant to R.4:42-11(a)(ii). Attached as **Exhibit B** is the Post Judgment Interest Calculator Defendant filed in support of Revival Motion II.

37. In calculating the amount of interest Plaintiff allegedly owed in Revival Motion II, Defendant incorrectly used the law division post judgment rate rather than the special civil part post-judgment rate.

38. Additionally, in calculating the interest amount in Revival Motion II, Defendant, failed to calculate the simple interest amount, calculated the incorrect number of days and otherwise assessed more interest in Revival Motion II than Plaintiff was

obligated to pay.

39. Additionally, the Post Judgment Calculator documents submitted with respect to both Motions for Revival double charged for interest and incorrectly listed the amount of the judgment.

40. The total judgment amount was $10,270.00 and not $10,474.87 as indicated in the post-Judgment calculator

41. Specifically, the Amount of Judgment of $10,474.87 included post-judgment interest through the date of the Statement of Docketing of January 16, 2002. See attached **Exhibit C –** the Statement for Docketing**.**

42. The Statement for Docketing included interest of $199.87 through January 16, 2002.

43. Thus, the post judgment calculators charged interest twice from the period of 8/30/01 through 1/16/02.

44. Additionally, the amount of interest should have been calculated based upon a judgment amount of $10,270.00 and not $10,474.87.

45. As such both Revival Motion I and Revival Motion II sought to collect more in post-judgment interest than Defendant was entitled to collect.

46. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

47. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

48. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

49. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

50. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding the amount of judgment that he owed.

51. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

52. The documents Defendant filed the Court provided confusing and incorrect information and caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding his rights under the FDCPA.

53. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

54. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

55. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

56. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

57. Defendant's failure to provide accurate information injured Plaintiff in that it impacted his ability to decide on how to proceed with respect to the matter.

58. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose a response.

### POLICIES AND PRACTICES COMPLAINED OF

59. It is Defendant's policy and practice to send and/or file written collection communications and file documents with the court, seeking to collect more in interest and other amounts which it was not entitled to collect, in the form annexed hereto as **Exhibit A and/or B**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) By making false representations of the character or legal status of a debt; and

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

60. On information and belief, Defendant filed Motions to Revive a Judgment, in the form annexed hereto as Exhibit A and/or B to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

61. Plaintiff repeats the allegations contained in paragraphs 1 through 60 as if the same were set forth at length.

62. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

63. By filing Motions for Revival of a Judgment, which sought to collect interest and/or other amounts in excess of what it was entitled to, Defendant violated:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;

E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(b) Awarding pre-judgment interest;

(c) Awarding post-judgment interest;

(d) Awarding reasonable attorneys' fees, costs and expenses; and

(e) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
          May 12, 2021

>                    Respectfully submitted,
>
>
>               By: s/ Lawrence C. Hersh
>                   Lawrence C. Hersh, Esq.
>                   17 Sylvan Street, Suite 102B
>                   Rutherford, NJ  07070
>                   (201) 507-6300
>                   *Attorney for Plaintiff*

**<u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 12, 2021          By: <u>s/ Lawrence C. Hersh</u>
                                              Lawrence C. Hersh, Esq

EXHIBIT A

**Lawyers Diary and Manual**                                  Page 1                          Printed: 5/12/2020

# Post Judgment Interest calculator

| | |
|---|---|
| Amount of Judgment | $10,474.87 |
| Start Date | 08/30/2001 |
| End Date | 05/13/2020 |
| Computation Method | Jurisdictional Method |
| Jurisdiction | New Jersey |
| Citation | R. 4:42-11(a)(ii) |
| Total Amount | $18,193.73 |
| Total Interest | $7,718.86 |

| # | Start Date | End Date | Days | Interest Rate | Daily Interest | Interest | Total |
|---|---|---|---|---|---|---|---|
| 1 | 08/30/2001 | 12/31/2001 | 124 | 7.500% | $2.15 | $266.89 | $10,741.76 |
| 2 | 01/01/2002 | 12/31/2002 | 365 | 8.000% | $2.30 | $837.99 | $11,579.75 |
| 3 | 01/01/2003 | 12/31/2003 | 365 | 5.000% | $1.43 | $523.74 | $12,103.50 |
| 4 | 01/01/2004 | 12/31/2004 | 366 | 4.000% | $1.14 | $418.99 | $12,522.49 |
| 5 | 01/01/2005 | 12/31/2005 | 365 | 3.000% | $0.86 | $314.25 | $12,836.74 |
| 6 | 01/01/2006 | 12/31/2006 | 365 | 4.000% | $1.15 | $418.99 | $13,255.73 |
| 7 | 01/01/2007 | 12/31/2007 | 365 | 6.000% | $1.72 | $628.49 | $13,884.22 |
| 8 | 01/01/2008 | 12/31/2008 | 366 | 7.500% | $2.15 | $785.62 | $14,669.84 |
| 9 | 01/01/2009 | 12/31/2009 | 365 | 6.000% | $1.72 | $628.49 | $15,298.33 |
| 10 | 01/01/2010 | 12/31/2010 | 365 | 3.500% | $1.00 | $366.62 | $15,664.95 |
| 11 | 01/01/2011 | 12/31/2011 | 365 | 2.500% | $0.72 | $261.87 | $15,926.82 |
| 12 | 01/01/2012 | 12/31/2012 | 366 | 2.500% | $0.72 | $261.87 | $16,188.70 |
| 13 | 01/01/2013 | 12/31/2016 | 1,461 | 2.250% | $0.65 | $943.38 | $17,132.08 |
| 14 | 01/01/2017 | 12/31/2018 | 730 | 2.500% | $0.72 | $523.74 | $17,655.82 |
| 15 | 01/01/2019 | 12/31/2019 | 365 | 3.500% | $1.00 | $366.62 | $18,022.44 |
| 16 | 01/01/2020 | 05/13/2020 | 133 | 4.500% | $1.29 | $171.29 | $18,193.73 |

Note :- The last available Interest rate is the one in effect on 1/1/2020 12:00:00 AM. This rate will be used for all calculations after this date.

EXHIBIT B

**Lawyers Diary and Manual**   *Page 1*   *Printed: 1/13/2021*

## Post Judgment Interest calculator

| | |
|---|---|
| Amount of Judgment | $10,474.87 |
| Start Date | 08/30/2001 |
| End Date | 01/13/2021 |
| Computation Method | Jurisdictional Method |
| Jurisdiction | New Jersey |
| Citation | R. 4:42-11(a)(ii) |
| Total Amount | $18,509.31 |
| Total Interest | $8,034.44 |

| # | Start Date | End Date | Days | Interest Rate | Daily Interest | Interest | Total |
|---|---|---|---|---|---|---|---|
| 1 | 08/30/2001 | 12/31/2001 | 124 | 7.500% | $2.15 | $266.89 | $10,741.76 |
| 2 | 01/01/2002 | 12/31/2002 | 365 | 8.000% | $2.30 | $837.99 | $11,579.75 |
| 3 | 01/01/2003 | 12/31/2003 | 365 | 5.000% | $1.43 | $523.74 | $12,103.50 |
| 4 | 01/01/2004 | 12/31/2004 | 366 | 4.000% | $1.14 | $418.99 | $12,522.49 |
| 5 | 01/01/2005 | 12/31/2005 | 365 | 3.000% | $0.86 | $314.25 | $12,836.74 |
| 6 | 01/01/2006 | 12/31/2006 | 365 | 4.000% | $1.15 | $418.99 | $13,255.73 |
| 7 | 01/01/2007 | 12/31/2007 | 365 | 6.000% | $1.72 | $628.49 | $13,884.22 |
| 8 | 01/01/2008 | 12/31/2008 | 366 | 7.500% | $2.15 | $785.62 | $14,669.84 |
| 9 | 01/01/2009 | 12/31/2009 | 365 | 6.000% | $1.72 | $628.49 | $15,298.33 |
| 10 | 01/01/2010 | 12/31/2010 | 365 | 3.500% | $1.00 | $366.62 | $15,664.95 |
| 11 | 01/01/2011 | 12/31/2011 | 365 | 2.500% | $0.72 | $261.87 | $15,926.82 |
| 12 | 01/01/2012 | 12/31/2012 | 366 | 2.500% | $0.72 | $261.87 | $16,188.70 |
| 13 | 01/01/2013 | 12/31/2016 | 1,461 | 2.250% | $0.65 | $943.38 | $17,132.08 |
| 14 | 01/01/2017 | 12/31/2018 | 730 | 2.500% | $0.72 | $523.74 | $17,655.82 |
| 15 | 01/01/2019 | 12/31/2019 | 365 | 3.500% | $1.00 | $366.62 | $18,022.44 |
| 16 | 01/01/2020 | 12/31/2020 | 366 | 4.500% | $1.29 | $471.37 | $18,493.81 |
| 17 | 01/01/2021 | 01/13/2021 | 12 | 4.500% | $1.29 | $15.50 | $18,509.31 |

Note :- The last available interest rate is the one in effect on 1/1/2020 12:00:00 AM. This rate will be used for all calculations after this date.

EXHIBIT C

```
HOSPITAL & DOCTORS S              SUPERIOR COURT OF NEW JERSEY
(PLAINTIFF(S))                    LAW DIVISION-SPECIAL CIVIL PART
         - VS -
FERRIS SUSAN                      ON (CONTRACT)
(DEFENDANT(S))
                                  DOCKET NO.   : DC-002526-01
                                  JUDGMENT NO. : VJ-007721-01

                                  >>>>>> STATEMENT FOR DOCKETING <<<<<<

    CREDITORS ATTORNEY:



    SAMUEL J. WEINSTEIN
    55 WASHINGTON STREET
    P.O. BOX 636
    EAST ORANGE  NJ  07019
```

---

```
    JUDGMENT IN THE ABOVE ENTITLED CAUSE WAS ENTERED IN THE MONMOUTH COUNTY SPECIAL CIVIL PART
IN FAVOR OF:                           |AGAINST:
   HOSPITAL & DOCTORS SERVICE          | SUSAN FERRIS
     FL HOSPITAL & DOCTORS SERVICE BUREAU A NJ C|
                                       | PATRICK FERRIS
                                       |
```

```
AN EXECUTION WAS ISSUED ON        / /       JUDGMENT DATE           08/30/2001
AND WAS RETURNED ON               / /       JUDGMENT AMOUNT(*)      $10,000.00
MONIES RECEIVED BY SCP OFFICER    $.00      COSTS & ATTORNEY FEES   $270.00
TOTAL CREDITS                     $.00      ADDITIONAL COSTS        $.00
                                            TOTAL                   $10,270.00
                                            CREDITS, IF ANY         $.00
                                            TOTAL                   $10,270.00

                                            (*)INCLUDES PRE-JUDGMENT INTEREST (IF ANY)
```

I HEREBY CERTIFY THAT THE FOREGOING REFLECTS THE JUDGMENT AND COSTS OF RECORD IN THIS COURT, AS OF THIS TIME.

DATE: DECEMBER 19, 2001           *Caroline Caldwell*
                                  MONMOUTH COUNTY SPECIAL CIVIL PART

---

```
I, THE UNDERSIGNED, AM (ATTORNEY FOR) THE ABOVE        TOTAL JUDGMENT DUE    $ 10275.00
NAMED PLAINTIFF, CERTIFY THAT AT THE PRESENT TIME      TOTAL CREDITS         $      .00
THERE IS DUE UPON THE ABOVE MENTIONED JUDGMENT,        SUBTOTAL              $ 10275.00
WHICH IS ABOUT TO BE DOCKETED IN THE SUPERIOR          INTEREST              $   199.87
COURT OF NEW JERSEY, AS HEREIN SET FORTH. THE TOTAL    TOTAL DUE THIS DATE   $ 10474.87
JUDGMENT DUE INCLUDES THE $5.00 DOCKETING FEE.         (BEING A SUM NOT LESS THAN TEN DOLLARS)
```

I CERTIFY THAT THE FOREGOING STATEMENTS MADE BY ME ARE TRUE. I AM AWARE THAT IF ANY OF THE FOREGOING STATEMENTS MADE BY ME ARE WILLFULLY FALSE, I AM SUBJECT TO PUNISHMENT.

DATE: 01/16/2002

                                       SAMUEL J. WEINSTEIN, ESQ.

D  35395-02